UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

REMINGTON ARMS COMPANY, INC. and )
RA BRANDS, LLC, )  1:03CV01051
 ) Case No. _____
 Plaintiffs, )
 )
v. ) COMPLAINT
 )
ALLIANT TECHSYSTEMS, INC. and )
FEDERAL CARTRIDGE COMPANY, )
 )
 Defendants. )
_____ )

FILED NOV 0 5 2003 IN THIS OFFICE Clerk U. S. District Court Greensboro, N. C. By _____

Declaratory judgment Plaintiffs Remington Arms Company, Inc. ("Remington") and RA Brands, LLC ("RA Brands") (collectively "Plaintiffs"), bring this declaratory judgment action against Defendants Alliant Techsystems, Inc. and Federal Cartridge Company ("Defendants") as follows:

## THE PARTIES

1. Plaintiff Remington is a Delaware corporation with a principal place of business at 870 Remington Drive, Madison, North Carolina. Remington manufactures and sells, among other things, firearms and ammunition.

2. Plaintiff RA Brands is a North Carolina limited liability company with a principal place of business at 870 Remington Drive, Madison, North Carolina. RA Brands is a wholly-owned subsidiary of Remington, and is the owner of various intellectual property rights, including the REMINGTON trademark and other marks licensed to and used by Remington. Specifically pertaining to this action, RA Brands owns all right, title and interest in and to an

application for a United States Trademark Registration for the mark GOLD BOX, for use with ammunition.

3. Upon information and belief, Defendant Federal Cartridge Company is a Minnesota corporation with a principal place of business in Anoka, Minnesota. Among other things, Defendant Federal manufactures and sells ammunition for firearms.

4. Upon information and belief, Defendant Alliant Techsystems, Inc. is a Delaware corporation with a principal place of business in Edina, Minnesota. Upon information and belief, Defendant Alliant manufactures and sells ammunition for firearms.

## JURISDICTION

5. This action arises under the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202); the Lanham Act (15 U.S.C. § 1119); as well as 28 U.S.C. §§ 1331 and 1338.

6. Upon information and belief, this Court has personal jurisdiction over Defendants because Defendants regularly market and sell ammunition in the State of North Carolina and in this judicial district in connection with the trademarks that are the subject of this declaratory judgment action.

## VENUE

7. The United States District Court for the Middle District of North Carolina is the appropriate venue for this action, pursuant to 28 U.S.C. §§ 1391 and 1400(b), as Plaintiffs' principal places of business are in this district, and a substantial portion of the acts giving rise to Defendants' trademark infringement claims against Plaintiffs occurred in this district.

## FACTS

8. Defendant Alliant purports to own U.S. Trademark Registration Nos. 1,898,839 and 2,512,419 for the mark GOLD DOT with ammunition and bullets.
2

9. Defendant Federal purports to own U.S. Trademark Registration Nos. 1,155,509; 1,820,567; 1,909,268; and 2,332,839 for the mark GOLD MEDAL for use with ammunition primers, shotgun shells, centerfire rifle, pistol, and revolver cartridges, and .22 caliber rimfire cartridges. Defendant Federal also purports to own U.S. Trademark Registration No. 2,420,247 for the mark KNOCKDOWN POWER for use with shotshells, and rifle and handgun cartridges. Defendant Federal also purports to own U.S. Trademark Registration Nos. 1,298,731; 2,047,681; and 2,401,652 for the mark PREMIUM for use with, among other things, rifle, pistol and shotgun shell ammunition, and U.S. Trademark Registration No. 2,359,927 for the mark FEDERAL PREMIUM for use with ammunition.

10. On October 30, 2003, Defendants sent a cease and desist letter to Plaintiffs accusing Plaintiffs of infringing the aforementioned trademarks. (Exhibit A, Defendants' October 30, 2003 Cease and Desist Letter). Specifically, the letter stated that Plaintiffs' attempt to register the mark GOLD BOX for use with ammunition constitutes an infringement of Defendants' GOLD DOT and GOLD MEDAL marks. The letter further contended that Plaintiffs' use of the terms "premium ammunition" and "devastating knock-down power" in advertising infringes Defendants' PREMIUM, FEDERAL PREMIUM, and KNOCKDOWN POWER marks. Defendants' letter concluded that Defendants would "pursue all of its legal remedies, including an injunction and damages," unless Plaintiffs agreed to immediately cease and desist all use of the aforementioned marks and terms, and agreed to immediately abandon the trademark application for GOLD BOX. *Id.*

11. Defendants' allegations of trademark infringement have created significant apprehension by Plaintiffs regarding the right to continue using the marks and terms in question.

3

12. Plaintiffs do not believe they have infringed any of Defendants' purported trademarks, and further believe that Defendants' KNOCKDOWN POWER trademark is invalid.

13. Plaintiffs are entitled to have the alleged infringement and validity issues resolved by virtue of a declaratory judgment of non-infringement and/or invalidity in order to clear the uncertainty created by Defendants' threats of infringement.

## COUNT I
### (Declaratory Judgment of Non-Infringement and Invalidity)

14. Plaintiffs repeat and specifically incorporate by reference the allegations from Paragraphs 1-13 above.

15. By fairly and properly using the trademark GOLD BOX and the descriptive terms "premium ammunition" and "devastating knock-down power," Plaintiffs have not infringed and do not infringe Defendants' alleged trademarks.

16. Upon information and belief, Defendants' U.S. Trademark Registration No. 2,420,247 for KNOCKDOWN POWER is invalid.

17. Upon information and belief, Defendants have abandoned U.S. Trademark Registration No. 2,420,247 as a result of their failure to prevent others from using the term in connection with marketing and sales of ammunition and firearms.

18. Due to the aforementioned threat made by Defendants, there is an actual and justiciable controversy between the parties concerning the infringement and validity of the aforementioned trademarks.

19. To resolve this controversy, Plaintiffs are entitled to a judicial declaration holding that they have not infringed Defendants' trademarks and/or that Defendants' KNOCKDOWN POWER trademark is invalid.

## COUNT II
### (Cancellation of Trademark Registration)

20. Plaintiffs repeat and specifically incorporate by reference the allegations from Paragraphs 1-19 above.

21. Upon information and belief, the KNOCKDOWN POWER mark, which is the subject of U.S. Trademark Registration No. 2,420,247, is merely descriptive for the goods described in Defendants' trademark registration, and is commonly used throughout the firearms and ammunition industry to describe the effect of ammunition. Further, upon information and belief, Defendants have abandoned their rights in that mark.

22. Defendants' assertion of exclusive rights to use the designation KNOCKDOWN POWER with ammunition is likely to damage Defendants.

23. Defendants are therefore entitled to have U.S. Trademark Registration No. 2,420,247 cancelled pursuant to 15 U.S.C. § 1064.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for entry of judgment:

a. declaring that Plaintiffs have not infringed any of Defendants' trademarks;

b. declaring that Defendants' KNOCKDOWN POWER mark is invalid;

c. canceling U.S. Trademark Registration No. 2,420,247;

c. declaring that Plaintiffs are entitled to recover costs and attorney's fees incurred in this action; and

d. awarding Plaintiffs such other and further relief as may be just and proper.

5

**JURY TRIAL IS DEMANDED**

This the 5th day of November, 2003.

	Charles A. Burke
	(N.C. State Bar No. 19366)
	John F. Morrow, Jr.
	(N.C. State Bar No. 23382)

	Attorney for Plaintiffs

OF COUNSEL:

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, NC 27101
336-721-3584

6

ATTACHMENT/EXHIBIT __A__



## WINTHROP WEINSTINE

ATTORNEYS AND COUNSELORS AT LAW

October 30, 2003

Stephen R. Baird
(612) 604-6585
sbaird@winthrop.com

**VIA FACSIMILE AND USMAIL**
Mr. Tommy Millner
President and Chief Executive Officer
Remington Arms Company, Inc.
870 Remington Drive
P.O. Box 700
Madison, NC 27025-0700

RE: GOLD DOT®, GOLD MEDAL®, PREMIUM®, FEDERAL PREMIUM®
and KNOCKDOWN POWER®
(Alliant Techsystems, Inc. and Federal Cartridge Company)

Dear Mr. Millner:

We represent Alliant Techsystems, Inc. ("Alliant") and its related Federal Cartridge Company ("Federal") in trademark enforcement and infringement matters. We have been asked to contact you regarding a pending trademark application for RA Brands, LLC, which purports to seek registration for the GOLD BOX mark in International Class 013 (Serial No. 78/277,822), and RA Brands and Remington Arms Company, Inc.'s unauthorized use of Federal's trademarks (collectively "Remington").

Alliant owns U.S. Registration Nos. 1,898,839 and 2,512,419 for the trademark GOLD DOT® in connection with ammunition and bullets. Federal owns U.S. Registration Nos. 1,155,509, 1,820,567, 1,909,268 and 2,332,839 for the trademark GOLD MEDAL® in connection with ammunition primers, shotgun shells, centerfire rifle, pistol, and revolver cartridges, and .22 caliber rimfire cartridges and U.S. Registration No. 2,420,247 for the trademark KNOCKDOWN POWER® in connection with shotshells, and rifle and handgun cartridges. Federal also owns U.S. Registration Nos. 1,298,731, 2,047,681, and 2,401,652 for the trademark PREMIUM® in connection with, among other things, rifle, pistol and shotgun shell ammunition, and U.S. Registration No. 2,359,927 for the trademark FEDERAL PREMIUM® in connection with ammunition.

Our client's exclusive rights associated with the use of GOLD DOT® in connection with bullets and ammunition extends as far back to at least December 1992 for bullets and February 1994 for ammunition. Our client's exclusive rights associated with the use of GOLD MEDAL® extends as far back to at least September 1979 in connection with shotgun shells and at least 1980 for ammunition primers. Similarly, our clients' exclusive right to use KNOCKDOWN POWER® in connection with shotshells, and rifle and handgun cartridges has existed since at least June 1999, and January 1977 for PREMIUM® and FEDERAL PREMIUM®. Considerable resources,

Suite 3500 | 225 South Sixth Street | Minneapolis, MN 55402-4629 | Main:(612)604-6400 | Fax:(612)604-6800 | www.winthrop.com | *A Professional Association*

including but not limited to time, effort and expense, have been expended to promote, advertise and popularize ammunition, bullets, rifle and handgun cartridges, and shotshells in connection with the GOLD DOT®, GOLD MEDAL®, PREMIUM®, FEDERAL PREMIUM®, and KNOCKDOWN POWER® trademarks. As a result, the purchasing public has come to know, rely upon, and recognize these marks as strong indicators of the source of our clients' ammunition and related products.

Remington's attempt to register GOLD BOX in connection with ammunition should be immediately and expressly abandoned since it is likely to cause confusion among the purchasing public and constitutes an infringement of our clients' GOLD DOT® and GOLD MEDAL® trademarks. Consumers are likely to mistakenly believe that Remington's GOLD BOX ammunition products are somehow affiliated or connected with our clients' GOLD DOT® and GOLD MEDAL® ammunition products, or are produced, sponsored, or endorsed by them. The likelihood of confusion in this situation is high. The goods compete for sales from the same market and are identical. Even the logo your client has chosen for the new infringing and diluting GOLD BOX mark reinforces that consumers will likely be confused by your client's activities since the words GOLD BOX appear on a gold colored design of what appears to be a gold medal, tilted on its side having a prominent circular gold element that looks like a large gold colored dot.

Remington should also immediately cease and desist its unauthorized use of our clients' PREMIUM® and KNOCKDOWN POWER® trademarks in its advertising. Attached for your reference is a copy of a Remington advertisement in connection with its use of the infringing GOLD BOX mark in commerce. As you can see, Remington is promoting the new GOLD BOX ammunition as "PREMIUM AMMUNITION" along with the advertising slogan "Devastating Knock-Down Power." We must insist that Remington cease all use of the infringing and diluting GOLD BOX mark and logo, and all ammunition advertising that incorporates our client's PREMIUM® and KNOCKDOWN POWER® marks.

In an effort to resolve this dispute amicably, our clients would be willing to consider forgoing their damages claims provided that Remington agrees to promptly cease its infringing and diluting advertising, agree to expressly abandon the pending application to register the GOLD BOX mark, and agree not to seek to register any similar or related mark. We understand that Remington intends to promote its ammunition products under the GOLD BOX mark to distributors at the up-coming NASGW next month. This continued promotion of the GOLD BOX mark in connection with ammunition will cause our clients to suffer further irreparable harm. Thus, we respectfully request that you respond to this letter no later than a week from today, i.e. by November 6, 2003. In the event that we do not receive a timely and favorable response from you, our client has authorized us to pursue all of its legal remedies, including an injunction and damages.

If you have any questions regarding this matter, please feel free to call me at (612) 604-6585 or e-mail me at sbaird@winthrop.com. We look forward to your prompt assurance that Remington will comply with our clients' reasonable requests.

Very truly yours,

WINTHROP & WEINSTINE, P.A.

Stephen R. Baird
Enclosure

2070469_1

cc:   Randel S. Springer, Esq.

